IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| POLTEC, INC., DARIUSZ FUDALA, and MACIEJ FUDALA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. _____ |
| | ) |
| BRIAN WILLINGHAM and CRUX ORDNANCE, LLC, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Poltec, Inc., Dariusz Fudala, and Maciej Fudala file this complaint against Defendants Brian Willingham and Crux Ordnance, LLC and state as follows:

### I. THE PARTIES

1. Plaintiff Poltec, Inc. ("Poltec") is an Illinois corporation with its principal place of business in Illinois.

2. Plaintiff Dariusz Fudala is a resident of Illinois and is the sole shareholder of Poltec.

3. Plaintiff Maciej Fudala is a resident of Illinois.

4. Defendant Crux Ordnance, LLC ("Crux Ordnance") is a Tennessee limited liability company. Attorney Mark Pitchford, 110 Meadowpointe W, Hendersonville, TN 37075, is the registered agent for Crux Ordnance.

5. Defendant Brian Willingham is a resident of Kentucky.

6. Willingham is the sole owner of Crux Ordnance's membership interests.

1

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because of claims arising and related to a patent.

8. This Court has supplemental jurisdiction over the additional claims pursuant to 28 U.S.C. § 1367.

9. This Court also has subject matter jurisdiction because of diversity of citizenship and the amount of controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

10. This Court has personal jurisdiction over Defendant Crux Ordnance because it is a Tennessee limited liability company. This Court has personal jurisdiction over Defendant Willingham because because he conducts business in the state of Tennessee and has submitted to jurisdiction of this Court through contract.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the parties consented to the venue of this Court through contract.

## III. FACTS

12. Plaintiffs Dariusz Fudala and Maciej Fudala are brothers.

13. The Fudala brothers are former business partners with Defendant Brian Willingham.

14. In 2016, the Fudala brothers (and Poltec) and Defendant Willingham formed a business called Cruxord, LLC, an Illinois limited liability company.

15. Cruxord, LLC was involved in the manufacturing, development, and sale of firearm accessories and components.

2

16. The Fudala brothers owned the shares of a separate business, Four-Tech Industries, Co. ("Four-Tech"), which is a firearm accessories and components supplier.

17. Cruxord, LLC and Four-Tech agreed that Four-Tech would serve as the preferred supplier for Cruxord, LLC parts, components, and machining services.

18. As part of the foregoing arrangement, Cruxord, LLC and Four-Tech entered in a non-compete agreement.

19. The non-compete agreement between Cruxord, LLC and Four-Tech has expired and/or been terminated.

20. In the summer of 2019, Defendant Willingham demanded to part ways from the Fudala brothers and Cruxord, LLC.

21. The parties agreed to sever their business relationship and dissolve Cruxord, LLC pursuant to the terms of an Asset Purchase Agreement.

22. Defendant Willingham hired a Nashville attorney to draft the paperwork.

23. Defendant Willingham created Defendant Crux Ordnance, upon information and belief, as a holding company for him to purchase and receive the Cruxord, LLC assets transferred under the APA.

24. The parties signed an Asset Purchase Agreement ("APA"). A copy of the APA, with Exhibits A, B, C, and D is attached to this Complaint as **EXHIBIT 1.**

25. The APA required Defendant Crux Ordnance to pay a total price of $314,316.00 ("Purchase Price") for the assets purchased under the APA.

26. Under the APA, Crux Ordnance agreed to pay the Purchase Price in multiple payments.

27. Defendant Crux Ordnance made the initial installment payment of $25,000 of the Purchase Price due at closing.

28. The APA required compliance with certain conditions of sections 1.04, 1.05, 1.06, 2.02, and 3.05 prior to the second installment of the Purchase Price of $75,000 becoming due.

29. Section 1.04 (d) required that Cruxord, LLC be dissolved and wound down.

30. On or about August 26, 2019, Cruxord, LLC's dissolution was completed with the filing of a statement of termination with the State of Illinois.

31. All conditions precedent to the payment of the second installment payment of the Purchase Price were satisfied as of December 6, 2019.

32. Defendants failed to make the second payment of Purchase Price in the amount of $75,000 due under the APA within 30 days of December 6, 2019.

33. After the first two payments totaling $100,000, the APA required that the remaining $214,316 of the Purchase Price were to be paid in annual installments of $20,000 (with the last annual installment payment being $14,316), with the first of these annual payments due on August 2, 2020.

34. Defendants failed to make the first $20,000 annual installment payment due on August 2, 2020.

35. In total, including the $75,000 and $20,000 Defendants failed to make as required by the APA, Defendants owe $289,316 under the APA.

36. Defendants have failed and refused to pay the amounts owed under the APA despite demand.

37. Exhibit A of the APA is an inventory list.

38. Exhibit B of the APA is a patent assignment between the Fudala brothers and Defendant Willingham, involving U.S. Patent Applicant No. 15/786,588 entitled "Integrated Rifle and Spotting Scope Mount" (the "Scope Mount Patent").

39. Exhibit C of the APA is a non-compete agreement (the "Non-Compete") between Defendant Crux Ordnance and the Fudala brothers. The consideration for the Non-Compete was the Defendants' payment of the Purchase Price under the APA and "other good and valuable consideration."

40. Exhibit D of the APA contains a list of purchased assets and intellectual property.

41. Section 4.05 of the APA provides that if Defendant Crux Ordnance fails to make the appropriate payments of the Purchase Price within 30 days of their due date, the Assignment of the Scope Mount Patent and Non-Compete shall be revoked.

42. Defendant Crux Ordnance has failed to make the appropriate payments of the Purchase Price.

### IV. CAUSES OF ACTION

### COUNT 1 – DECLARATORY JUDGMENT – NON-COMPETE

43. The allegations of the foregoing paragraphs are incorporated by reference as if specifically re-alleged herein.

44. Exhibit C of the APA is a non-compete agreement (the "Non-Compete") between Defendant Crux Ordnance and the Fudala brothers.

45. Section 4.05 of the APA provides that if Defendant Crux Ordnance fails to make the appropriate payments of the Purchase Price within 30 days of their due date, the Non-Compete shall be revoked.

46. Defendant Crux Ordnance failed to make the appropriate payments of the Purchase Price.

47. Per the APA, the Non-Compete is automatically revoked and/or terminated.

48. Defendants dispute that the Non-Compete has been revoked.

49. A real controversy, therefore, exists between the Fudala brothers and Defendant Crux Ordnance regarding the parties' rights, status, or other legal relations under the Non-Compete and APA.

50. Plaintiffs seek a declaration under 28 USC § 2201 that the Non-Compete, attached as Ex. C to the APA, is terminated and unenforceable as a matter of law.

51. Plaintiffs seek recovery of their attorney fees, costs, and expenses.

**COUNT 2 – DECLARATORY JUDGMENT – PATENT OWNERSHIP**

52. The allegations of the foregoing paragraphs are incorporated by reference as if specifically re-alleged herein.

53. Exhibit B of the APA is a patent assignment between the Fudala brothers and Defendant Willingham, involving U.S. Patent Applicant No. 15/786,588 entitled "Integrated Rifle and Spotting Scope Mount" (the "Scope Mount Patent"). The consideration for the patent assignment was a $1.00 payment and "other good and valuable consideration" referenced in the APA, including, but not limited to, the Purchase Price.

54. Section 4.05 of the APA provides that if Defendant Crux Ordnance fails to make the appropriate payments of the Purchase Price within 30 days of their due date, the Scope Mount Patent assignment shall be revoked.

55. Defendant Crux Ordnance failed to make the appropriate payments of the Purchase Price and give adequate consideration for the assignment.

56. Therefore, per the APA, the Scope Mount Patent assignment is automatically revoked and/or terminated.

57. Defendants dispute the revocation of the assignment under the terms of the APA.

58. A real controversy, therefore, exists between the Fudala brothers and Defendants regarding the parties' rights, status, or other legal relations under the of the Scope Mount Patent assignment and APA.

59. Plaintiffs seek a declaration under 28 USC § 2201 that the Scope Mount Patent assignment, attached as Ex. B to the APA, is terminated, revoked, unenforceable as a matter of law, and that the Fudala brothers are the true owners of the Scope Mount Patent.

60. In declaring these rights, Plaintiffs request the Court require Defendant Willingham to execute a transfer document releasing any rights he claims to have in the Scope Mount Patent.

## **COUNT 3 – BREACH OF CONTRACT**

61. The allegations of the foregoing paragraphs are incorporated by reference as if specifically re-alleged herein.

62. Defendant Crux Ordnance agreed to pay Plaintiffs Poltec and Dariusz Fudala the Purchase Price of $314,316.00.

63. As set forth above, Defendant Crux Ordnance breached the agreement by failing to make the required payments.

64. As a result, Plaintiffs Poltec and Dariusz Fudala have been damaged in an amount to be determined at trial. Plaintiffs also request appropriate equitable relief.

## COUNT 4 – UNJUST ENRICHMENT

65. Plaintiffs repeat and incorporate by reference every allegation in the foregoing paragraphs.

66. Defendants have been unjustly enriched by their receipt and use of the APA and the rights and title to property as reflected in exhibits A, B, C, D of the APA.

67. If this Court determines that Plaintiffs do not otherwise have an adequate remedy at law, Defendants' retention of the benefits received would be fundamentally unjust. Defendants should, therefore, return all such benefits, funds, opportunities, patents, property, etc. to Plaintiffs.

WHEREFORE, Plaintiffs seek the following relief:

    A.    Compensatory damages in an amount to be proven at trial;

    B.    Declaratory Judgment;

    C.    An award of pre and post judgment interest;

    D.    An award of all costs and expenses incurred in connection with this action and collection, including Plaintiffs' reasonable attorneys' fees; and

    E.    Such other general and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ Howell O'Rear
Howell O'Rear (TN BPR #26509)
Seth M. McInteer (TN BPR #26471)
McInteer & O'Rear PLC
2801 12th Avenue South
Nashville, TN 37204
Ph. 615-724-6207
Fax 615-523-1311
howell@mcolawfirm.com
seth@mcolawfirm.com