UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| POLTEC, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIAN WILLINGHAM et al.,<br>    Defendants. | Case No. 3:20-cv-01049<br><br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM OPINION AND ORDER

    This civil action arises from the dissolution of Cruxord, LLC—a developer, manufacturer, and seller of firearms accessories and components formed by Dariusz Fudala and his company Poltec, Inc., Maciej "Matt" Fudala, and Brian Willingham—and from the sale of Cruxord's assets to Crux Ordnance, LLC, a holding company formed by Willingham. (Doc. No. 1.) Plaintiffs/Counter-Defendants Poltec and the Fudalas allege that Willingham and Crux Ordnance violated the terms of an asset purchase agreement between Cruxord and Crux Ordnance by failing to make agreed payments. (*Id.*) Defendants/Counter-Plaintiffs Crux Ordnance and Willingham allege that Poltec and the Fudalas violated the terms of the asset purchase agreement first by failing to deliver the promised intellectual property. (Doc. No. 11.) The parties assert crossclaims for declaratory judgment under 28 U.S.C. § 2201 regarding the validity of the intellectual property assignment and non-compete agreement and for breach of contract and unjust enrichment under Tennessee law. (Doc. Nos. 1, 11.)

    Poltec and the Fudalas have filed a motion for summary judgment in their favor on all claims and counterclaims. (Doc. No. 41.) Willingham and Crux Ordnance have responded in

opposition (Doc. No. 45), and Poltec and the Fudalas have filed a reply (Doc. No. 50). For the reasons that follow, Poltec and the Fudalas' motion for summary judgment will be denied.[1]

I.   Background

   A.   Factual Background[2]

The Fudalas are Illinois residents, and Poltec is an Illinois corporation with its principal place of business in Illinois. (Doc. No. 46.) Dariusz Fudala is the sole shareholder of Poltec. (*Id.*) In 2016, the Fudalas, Poltec, and Willingham, who is a resident of Kentucky, formed Cruxord, an Illinois limited liability company that manufactures, develops, and sells firearm accessories and components. (Doc. Nos. 46, 47-1.) In 2019, Willingham asked to end the parties' business relationship, and he and the Fudalas agreed to dissolve Cruxord pursuant to the terms of an Asset Purchase Agreement (the Agreement) drafted by Willingham's attorney. (Doc. No. 42-1.)

The Agreement outlines the sale of Cruxord's inventory and intellectual property to Crux Ordnance, a Tennessee limited liability company that Willingham created as a holding company to receive Cruxord's assets. (Doc. Nos. 1-1, 47-1.) The Agreement identifies Cruxord as "Seller" and Crux Ordnance as "Buyer." (Doc. No. 1-1, PageID# 9.) In a section titled "Governing Law[,]"

---

[1] By the parties' consent, this action is referred to the Magistrate Judge to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. Nos. 20, 21.)

[2] The facts in this section are taken from the Asset Purchase Agreement between Cruxord and Crux Ordnance (Doc. No. 1-1), Poltec and the Fudalas' statement of undisputed material facts (Doc. No. 46), Willingham and Crux Ordnance's statement of undisputed material facts (Doc. No. 50-1), and the parties' summary judgment exhibits (Doc. Nos. 42-1, 43-1, 47-1).

the Agreement states that it "shall be governed by and construed in accordance with the internal laws of the State of Tennessee." (*Id.* at PageID# 15.)

The Agreement provides that Crux Ordnance agrees to pay Cruxord a total purchase price of $314,316.00 in installments as set forth below:

> **Section 1.03** **Purchase Price.** The aggregate purchase price for the Purchased Assets shall be $314,0316(the "**Purchase Price**"). None of the Purchase Price shall be attributable as income to the Buyer or Brian Willingham individually. The Buyer shall pay the Purchase Price to Seller as follows:
>
> (a) $25,000 at the Closing (as defined herein) by check, to POLTEC INC, an Illinois Corporation based at 8435 S 77th Ct, Bridgeview, IL 60455 under the control of Dariusz Fudala;
>
> (b) the total amount ($39,375) of the Purchase Order (Exhibit E) upon delivery of the final shipment of the Purchase Order;
>
> (c) $75,000 within 30 days of Seller's compliance with the conditions set forth in this agreement including in Sections 1.04, 1.05, 1.06, 2.02, and 3.05 of this Agreement ($75,000 to POLTEC INC. and the total amount of the Purchase Order to Fudala Corporation, an Illinois Corporation under the control of Dariusz Fudala; and
>
> (d) $214,316 paid in equal annual installments of $20,000 to POLTEC INC. with the first annual installment due on the first anniversary of the Closing Date (August 2, 2020), the last payment being the remainder, $14,316, with payments first allocated to any past due amounts due to Seller under Purchase Orders submitted to the Seller by the Buyer, and the remainder applied to the annual installment of the Purchase Price.

(Doc. No. 1-1, PageID# 9.)

The Agreement further provides that Cruxord is required to deliver the following items to Cruxord Ordnance at closing:

> **Section 2.02** **Closing Deliverables.**
>
> (a) At the Closing, Seller shall deliver to Buyer the following:
>
> (i) a bill of sale in the form of Exhibit A hereto (the "**Bill of Sale**") and duly executed by Seller, transferring the Purchased Assets to Buyer;
>
> (ii) assignments in the form of Exhibit B hereto (the "**Intellectual Property Assignments**") and duly executed by Seller, or Maciej Fudala individually, and Dariusz Fudala individually, as applicable, transferring all of Seller's right, title and interest in and to the trademark registrations and applications, patents and patent applications, and domain name registrations included in the Purchased IP (as defined herein) to Buyer;
>
> (iii) non-compete agreement in the form of Exhibit C hereto executed by Seller, Maciej Fudala individually, and Dariusz Fudala individually; and
>
> (iv) such other customary instruments of transfer, assumption, filings or documents, in form and substance reasonably satisfactory to Buyer, as may be required to give effect to this Agreement.

(*Id.* at PageID# 10.)

Willingham, Poltec, and the Fudalas signed the Agreement in their capacities as members of Cruxord. (Doc. No. 1-1.) Willingham also signed the Agreement in his capacity as a member of Crux Ordnance. (*Id.*) Willingham, acting on behalf of Crux Ordnance, made the initial $25,000.00 payment of the purchase price to Poltec on the day Crux Ordnance signed the Agreement. (Doc. No. 47-1.)

The Agreement's exhibits include a patent assignment (Exhibit B) and a non-compete agreement (Exhibit C). (Doc. No. 1-1.) In the patent assignment, the Fudalas assign their interests in an "integrated rifle and spotting scope mount" and certain other related intellectual property to Willingham. (*Id.* at PageID# 24.) In the non-compete agreement, Cruxord and the Fudalas agree not to compete with Crux Ordnance for five years. (Doc. No. 1-1.) Section 4.05 of the Agreement provides that, "[s]hould [Cruxord Ordnance] fail to make appropriate payments of the Purchase Price within 30 days of their due date, the Noncompete Agreement of Exhibit C and the Assignment of Exhibit B shall be revoked." (*Id.* at PageID# 13.)

The Fudalas and Willingham signed the patent assignment in their individual capacities.(Doc. No. 1-1.) The Fudalas signed the non-compete agreement in their individual capacities and in their capacities as members of Cruxord. (*Id.*) Poltec signed the non-compete agreement as a member of Cruxord.[3] (*Id.*) Willingham signed the non-compete agreement in his capacity as a member of Cruxord and of Crux Ordnance. (*Id.*)

It is undisputed that Crux Ordnance did not make the second payment of $75,000.00 or the first annual payment of $20,000.00 required by the Agreement. (Doc. No. 46.) The parties dispute

---

[3] Daruisz Fudala's signature appears in the signature block for Poltec, Inc. (Doc. No. 1-1, PageID# 29.)

whether Cruxord delivered all of its intellectual property to Crux Ordnance as required by the Agreement. (Doc. Nos. 46, 50-1.) Both Cruxord and Crux Ordnance are now dissolved as corporate entities. (Doc. Nos. 42-1, 43-1.)

### B. Procedural History

Poltec and the Fudalas initiated this action on December 8, 2020, by filing a complaint against Willingham and Crux Ordnance alleging that they failed to make all of the required payments due under the Agreement. (Doc. No. 1.) The Fudalas seek declaratory judgments under 28 U.S.C. § 2201 that, because Willingham and Crux Ordnance failed to make the required payments, the patent assignment and non-compete agreement are unenforceable. (*Id.*) Poltec asserts a state law breach-of-contract claim against Crux Ordnance and seeks compensatory damages.[4] (*Id.*) Poltec and the Fudalas assert state law unjust-enrichment claims against Willingham and Crux Ordnance and seek compensatory damages. (*Id.*)

Willingham and Crux Ordnance filed an answer and counterclaims. (Doc. No. 11.) They allege that Poltec and the Fudalas committed the first material breach of the Agreement by failing to deliver all of Cruxord's intellectual property and thus relieved Willingham and Crux Ordnance from any obligation to make the rest of the payments set out in the Agreement (*Id.*) Willingham and Crux Ordnance assert counterclaims for declaratory judgment under 28 U.S.C. § 2201, asking the Court to declare that the patent assignment and non-compete agreement are enforceable under the Agreement. (*Id.*) They also assert counterclaims for breach of contract and unjust enrichment

---

[4] The complaint alleges that Poltec and Dariusz Fudala incurred damages as a result of Crux Ordnance and Willingham's breach of the Agreement (Doc. No. 1), but the Poltec and the Fudalas' motion for summary judgment characterizes the breach-of-contract claim as being asserted by Poltec (Doc. No. 42). It thus does not appear that Dariusz Fudala asserts a breach-of-contract claim in his individual capacity.

against Poltec and the Fudalas. (*Id.*) Poltec and the Fudalas filed an answer to the counterclaims. (Doc. No. 18.)

Poltec and the Fudalas have moved for summary judgment on all of the parties' claims and counterclaims (Doc. No. 41) and filed memorandum of law (Doc. No. 42), a declaration from Dariusz Fudala (Doc. No. 43-1), and a statement of undisputed material facts (Doc. No. 43-2) in support of their motion. Poltec and the Fudalas argue that there is no genuine dispute of material fact that Crux Ordnance breached the Agreement by failing to make all required payments and that Poltec and the Fudalas are therefore entitled to summary judgment on their declaratory judgment and breach of contract claims. (Doc. No. 42.) Poltec and the Fudalas' supporting memorandum of law does not address their unjust-enrichment claims and only briefly addresses Crux Ordnance and Willingham's counterclaims for breach of contract and unjust enrichment. (*Id.*)

Crux Ordnance and Willingham responded in opposition to Poltec and the Fudalas' motion (Doc. No. 45), arguing that summary judgment is inappropriate because there is a genuine dispute of material fact as to whether Cruxord breached the Agreement first by failing to deliver certain intellectual property, thereby excusing Crux Ordnance from remitting additional payments (Doc. No. 46). Crux Ordnance and Willingham's response includes their response to Poltec and the Fudalas' statement of undisputed material facts and their own statement of additional facts. (*Id.*) Crux Ordnance and Willingham also filed a declaration from Willingham (Doc. No. 47-1) and an email between Willingham's attorney and Matt Fudala regarding delivery of Cruxord's intellectual property and payments under the Agreement (Doc. No. 47-2).

Poltec and the Fudalas filed a reply in support of their motion for summary judgment (Doc. No. 50) and responded to Crux Ordnance and Willingham's statement of additional facts (Doc. No. 50-1). In their reply, Poltec and the Fudalas argue that the Fudalas satisfied their individual

contractual obligations and are not legally responsible for any first breach by Cruxord and that, regardless, Cruxord satisfied its contractual obligations under the Agreement. (Doc. No. 50.)

II.     **Legal Standard**

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or,

alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

### III. Analysis

#### A. Poltec's Breach of Contract Claim

Poltec's argument that it is entitled to summary judgment on its breach-of-contract claim overlooks a critical point—there is, at the very least, a genuine question of fact as to whether Poltec is a party to the Agreement. This question of fact is material because, under Tennessee law, "[t]he general rule is that an individual who is not a party to a contract cannot sue for its breach." *Smith v. Chattanooga Med. Invs., Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001) (internal citations omitted).

The first paragraph of the Agreement states that the agreement is being "entered into between Cruxord, LLC, an Illinois limited liability company ('Seller') and Crux Ordnance, a Tennessee limited liability company ('Buyer')." (Doc. No. 1-1, PageID# 9.) While Poltec signed the Agreement, it did so only in its capacity as a member of Cruxord. (Doc. No. 1-1.) Poltec therefore has not shown that it is a party to the Agreement capable of suing for its breach. *See, e.g., Law v. Bioheart, Inc.*, No. 2:07-cv-2177, 2009 WL 693149, at *7 (W.D. Tenn. Mar. 13, 2009) (finding that individual who signed licensing agreement as chairman and CEO of Tennessee limited liability company was not party to agreement and could not sue to enforce it), *order*

*clarified*, 2009 WL 10700614 (W.D. Tenn. Oct. 15, 2009); *Boles v. Nat'l Dev. Co.*, 175 S.W.3d 226, 244 (Tenn. Ct. App. 2005) ("'There is a presumption that a corporation is a distinct legal entity, wholly separate and apart from its shareholders, officers, directors, or affiliated corporations.'" (quoting *VP Bldgs., Inc. v. Polygon Grp.*, No. M2001-00613-COA-R3-CV, 2002 WL 15634 (Tenn. Ct. App. Jan. 8, 2002))). If Poltec intended to assert a breach-of-contract claim on Cruxord's behalf, it has not done so properly. Tennessee law provides that, "[a]fter an LLC has been terminated, any of its former managers, governors, or members may assert or defend, in the name of the LLC, any claim by or against the LLC." Tenn. Code Ann. § 48-245-1201. It is undisputed that Cruxord has been terminated (Doc. No. 43-1), but Poltec did not file this action in Cruxord's name and Cruxord therefore is not a party to this action, *Law*, 2009 WL 693149, at *8.

"A non-party who wishes to enforce a contract has the burden of proving that he is entitled to recover as a third-party beneficiary." *Smith*, 62 S.W.3d at 185; *see also Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 899 (Tenn. 2016) ("[A] third party may seek to recover under a contract, but the third party bears the burden of proving, from the terms of the contract or the circumstances surrounding its execution, that, *at the time of contracting*, he was an intended third-party beneficiary."). Tennessee law requires proof of the following three elements to establish third-party beneficiary status:

(1) The parties to the contract have not otherwise agreed;

(2) Recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties; and

(3) The terms of the contract or the circumstances surrounding performance indicate that either:

(a) the performance of the promise will satisfy an obligation or discharge a duty owed by the promisee to the beneficiary; or

(b) the promisee intends to give the beneficiary the benefit of the promised performance.

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 70 (Tenn. 2001). Poltec has not argued that it is a third-party beneficiary and has not pointed the Court to any evidence regarding its third-party beneficiary status. (Doc. No. 42.) Consequently, Poltec has not carried its burden to show an absence of dispute of material fact that it can sue to enforce the Agreement as a third-party beneficiary.

Because Poltec has not established the absence of a genuine issue of material fact as to its ability to enforce the Agreement, it has not shown that it is entitled to summary judgment on its breach-of-contract claim.

### B. Poltec and the Fudalas' Unjust Enrichment Claims

Poltec and the Fudalas have not made any argument or offered any evidence to support their request for summary judgment on their unjust enrichment claims. Thus, they have not carried their initial burden to show that no genuine issues of material fact exist with respect to these claims and are not entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323.

### C. The Fudalas' Declaratory Judgment Claims

The Declaratory Judgment Act "is 'an enabling act, which confers discretion on the court rather than an absolute right upon the litigant.'" *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Courts in this circuit apply a five-factor test to determine whether to exercise jurisdiction over asserted declaratory-judgment claims. *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 29 F.4th 792, 796–97 (6th Cir. 2022) (quoting *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). Poltec and the Fudalas' briefs in support of their motion for summary judgment do not cite the Declaratory Judgment Act or any legal authority regarding the Act and do not address any of the factors relevant to the Court's exercise of jurisdiction. They argue only that Crux Ordnance violated the Agreement by failing to make payments and that the

10
Case 3:20-cv-01049   Document 65   Filed 03/31/23   Page 10 of 13 PageID #: 272

patent assignment and non-compete agreement attached to the Agreement are therefore invalid under Tennessee law and the Agreement's terms.

"'[I]t is improper for the courts' to 'flesh out the parties' arguments for them.'" *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (citing *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017)) (declining to consider plaintiff's reference to a due process violation when plaintiff failed to provide the due process standard or any case law). "[I]t is not for the court to search the record and construct arguments. Parties must do that for themselves." *Brenay*, 709 F. App'x at 336–337 (declining to consider plaintiffs' arguments when plaintiffs left "it to the court to seek out the relevant law, identify the relevant evidence, and develop their argument for them"). *See also, e.g.*, *Lyngaas v. Curaden AG*, No. 17-10910, 2021 WL 6049428, at *3 (E.D. Mich. Dec. 21, 2021) ("Where a party fails to explain an argument and supply authority . . . a court need not attempt to supply the missing information."); *Robinson v. Shelby Cnty., Kentucky*, No. 3:17-CV-00097-GFVT, 2020 WL 1170218, at *9 (E.D. Ky. Mar. 11, 2020) (finding that defendants failed to meet their burden on summary judgment when they did not cite or apply the standards applicable to their claims). Given the above-described deficiencies, the Fudalas have not shown that they are entitled to judgment as a matter of law under the Declaratory Judgment Act.

### D. Willingham and Crux Ordnance's Counterclaims

Poltec and the Fudalas argue that summary judgment is also warranted on Willingham and Crux Ordnance's counterclaims for breach of contract and unjust enrichment. Poltec and the Fudalas argue, in full:

> Defendants' counterclaim of Breach of Contract/Unjust Enrichment against "Counter-Defendants" also fails as a matter of law. At the outset, Defendants/Counter-Plaintiffs do not even identify specific parties which they claim owe contractual obligations. Nonetheless, the counterclaim is simply a mirror-image claim of a defense that fails as a matter of law—that is, the defense

that Plaintiffs did not send the Inventory as required under Section 3.05 of the [Agreement]. As stated herein, the contracting party Cruxord, LLC did deliver these items and Defendants acknowledged receipt in the APA.

(Doc. No. 42.)

In their response to Poltec and the Fudalas' motion, Willingham and Crux Ordnance do not address this argument or acknowledge that Poltec and the Fudalas moved for summary judgment on their counterclaims. (Doc. No. 46.)

The fact that Willingham and Crux Ordnance did not respond to Poltec and the Fudalas' motion for summary judgment on their counterclaims does not automatically entitle Poltec and the Fudalas to summary judgment on those claims, however. "[A] party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). The moving party bears this burden even "if an adverse party fails to respond." *Id.* at 455. "In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded" and must instead "examine the movant's motion for summary judgment to ensure that [the movant] has discharged [its initial] burden." *Id.*

Poltec and the Fudalas have not discharged their burden here. Poltec and the Fudalas made only a glancing argument regarding the counterclaims with no support from authority or the record. (Doc. No. 42.) Again, the Court will not make a party's arguments for it or consider arguments made in a perfunctory way. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (holding that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293 (1st Cir. 1995))). It is not enough for a party to "mention a possible argument in the most skeletal way" and leave the court to "put flesh on its bones." *Id.* at

996 (quoting *Citizens Awareness Network, Inc.*, 59 F.3d at 293–94). Poltec and the Fudalas are not entitled to judgment as a matter of law on Willingham and Crux Ordnance's counterclaims.

## IV. Conclusion

For these reasons, Poltec and the Fudalas' motion for summary judgment (Doc. No. 41) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge